**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4960-16T4

MHA, LLC,

     Plaintiff-Appellant,

v.

BRACH EICHLER, LLC; DEBRA
LIENHARDT, ESQ. and MARK
MANIGAN, ESQ.,

     Defendants-Respondents.

_____

        Argued September 13, 2018 – Decided September 24, 2018

        Before Judges Hoffman and Firko.

        On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4864-16.

        David M. Estes argued the cause for appellant (Mazie Slater Katz & Freeman, LLC, attorneys; Eric D. Katz, of counsel and on the briefs; David M. Estes, on the briefs).

        Charles X. Gormally argued the cause for respondents (Brach Eichler LLC, attorneys; Charles X. Gormally and Thomas Kamvosoulis, of counsel and on the brief).

PER CURIAM

Plaintiff MHA, LLC (MHA or plaintiff) appeals from a June 9, 2017 Law Division order dismissing with prejudice plaintiff's complaint against its former attorneys, defendants Brach Eichler, LLC, Debra Lienhardt, and Mark Manigan. For the reasons that follow, we vacate and remand.

I

Plaintiff retained defendants to assist in its acquisition of Meadowlands Hospital Medical Center (the Hospital) from Liberty Riverside Healthcare System, Inc. (Liberty). Defendants represented plaintiff in the negotiation and drafting of the asset purchase agreement (APA) whereby plaintiff acquired ownership of the Hospital from Liberty.

The APA, signed on January 8, 2010, contained Section 2.2, entitled "Excluded Assets." In relevant part, Section 2.2 excluded the following assets "from the sale and purchase contemplated by the [APA]":

> (e) All amounts owed or payable to Hospital or claims by Hospital against, third parties, including, without limitation, all accounts and notes receivable, negotiable instruments[,] and chattel paper;
>
> (f) All charity care, disproportionate hospital payments and any other similar grants or payments related to services provided by Hospital prior to the [c]losing [d]ate . . . .

The APA also contained an integration clause.

A-4960-16T4

Pursuant to the Community Health Care Assets Protection Act, N.J.S.A. 26:2H-7.10 to -7.14, the parties submitted the APA to the Attorney General, who approved the transaction in a fifty-six-page letter dated November 10, 2010. The letter noted that the treatment of accounts receivable became an issue during the parties' negotiation process, stating:

> Initially, MHA stated that it wanted [the] Hospital's accounts receivable to be included in the sale for this purchase price and it was not willing to assume any of [the] Hospital's long-term liabilities. Because this proposal was not economically advantageous to [the] Hospital and Liberty, at Liberty's request, MHA later agreed to revise its proposal to exclude the accounts' receivable, but requested that [Liberty] provide it with short-term financing to provide working capital immediately following the closing.

The next day, plaintiff's chief executive officer, Richard Lipsky, executed a certification agreeing to "the conditions set forth in the Attorney General's approval letter . . . ."

Liberty then filed a verified complaint seeking approval of the acquisition, which the Chancery Division granted on December 1, 2010. In granting approval, the court cited the Attorney General's advisory letter supporting the proposed transaction. The judge's order approving the Agreement specifically provided that the "Hospital will retain its accounts receivable and will retain

3

liability for its accounts payable and long-term debt to third party creditors."

Plaintiff took ownership of the Hospital on December 7, 2010.

Following the completion of the transaction, disputes arose between plaintiff and Liberty concerning certain accounting aspects of the APA. Those disputes resulted in a binding arbitration proceeding, which the arbitrator ultimately decided in Liberty's favor.

Specifically, the arbitrator found,

> [Plaintiff] wanted the transfer of assets to include the Hospital's accounts receivable for services rendered prior to the closing date, and it is equally beyond dispute that neither Liberty, the Attorney General[,] or the court would allow the Hospital's sale to take place if transferring the Hospital's pre-Closing Date accounts receivable were to be included in the sale.

He further determined,

> Liberty and MHA agreed to a bright line test for entitlement to payments and underpayments, the bright line of demarcation being the Closing Date, all payments or underpayments the responsibility of/due to Liberty if the predicate patient care or service was rendered before the Closing Date, all payments or underpayments the responsibility of/due to MHA if the predicate patient care or service was rendered after the Closing Date.

In December 2016, plaintiff filed a complaint against defendants, alleging legal malpractice in the negotiation and drafting of the APA. In lieu of an

answer, defendants moved to dismiss, pursuant to <u>Rule</u> 4:6-2(e), alleging plaintiff's complaint failed to state a claim upon which relief can be granted. On May 1, 2017, plaintiff filed an amended complaint further alleging breach of fiduciary duty based upon the same factual allegations as its malpractice claim.

In her oral decision following oral argument, the motion judge announced her intention to treat defendants' motion as a summary judgment motion, stating,

> I am guided by <u>Rule</u> 4:6-2(e) and the cases interpreting it[,] including . . . <u>Printing Mart[-Morristown] v. Sharp Electronics</u>[, 116 N.J. 739 (1989)] . . . which discusses my scope of review. The inferences I'm permitted to draw, and if a motion to dismiss [f]or failure to state a claim relies on materials outside the pleadings, the motion is to be treated by me as a summary judgment motion. That's in <u>Lederman v. Prudential Life Insurance Company of America</u>, 385 N.J. Super. 324[, 337 (App. Div. 2016)].
>
> I need not state in great detail the summary judgment standard. It is contained in <u>Rule</u> 4:46-2(c) . . . .
>
> . . . .
>
> So obviously with the mountain of documents I've been presented with, this is to be treated as a summary judgment motion and not within the four corners of the pleadings. Looking for genuine issues of material facts, I think it's well[-]settled that [when] there is any ambiguity in a written agreement that ambiguity is strictly construed against the drafter.

A-4960-16T4

Here, the drafter was the law firm on behalf of the client, a client who is not unsophisticated . . . . A client who approved the issuance of the [APA], and a client who proceeded to the closing.

I don't see any material facts in dispute that would warrant this complaint moving forward. I believe this motion is ripe for granting and that is because in large part on the commentary of [the arbitrator] in his written opinion and the serial approval of this purchase agreement by the Chancery Court, the interpretation at the arbitration[,] and I tend to agree with the moving party that I can't imagine any degree of discovery at this point that would change the underlying facts so as to make this a viable claim. So I'm granting the motion for those reasons.

II

On appeal, plaintiff argues its amended complaint presented prima facie claims for legal malpractice and breach of fiduciary duty regarding defendants' "representation and performance during the negotiation and purchase of the [Hospital], including [their] review and revisions to the [APA]." Plaintiff further asserts the motion court 1) improperly used documents outside the pleadings in considering the motion to dismiss; 2) erred by converting the motion to dismiss into one for summary judgment without adequate notice; and 3) erroneously held there were no genuine issues of fact in dispute.

When presented with a Rule 4:6-2(e) motion to dismiss for failure to state a claim, the court must deny the motion if the facts alleged in the complaint – if

6

accepted as true – are legally sufficient to state a cause of action. Printing Mart, 116 N.J. at 746. In ruling on such a motion, the judge is obliged to afford a plaintiff, "every reasonable inference of fact," because the test for determining the adequacy of a pleading is whether the alleged facts suggest a cause of action. Ibid. If matters outside the pleadings are presented and not excluded, the judge must treat the Rule 4:6-2(e) motion as one for summary judgment, and must afford the parties a "reasonable opportunity to present all material pertinent to such a motion." R. 4:6-2.

We cannot affirm the dismissal of plaintiff's complaint at this preliminary stage, and "cannot condone a procedure whereby a judge sua sponte, without notice . . . circumvents the basic requirements of notice and an opportunity to be heard." Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84-85 (App. Div. 2001); see also Velantzas, 109 N.J. at 192. Plaintiff had no notice that it needed to oppose anything other than a motion to dismiss, pursuant to Rule 4:6-2(e), and first learned of the judge's sua sponte decision to convert the dismissal motion to a summary judgment motion when she delivered her oral opinion. Once the judge decided to treat defendants' motion as a summary judgment motion, she should have re-scheduled the motion in order to afford

7

"all parties [a] . . . reasonable opportunity to present all matters pertinent to such a motion." R. 4:6-2.

Moreover, the judge entered the order under review prior to any discovery, and without the parties submitting statements of material facts. As noted by plaintiff, in support of the motion under review, "defense counsel . . . submitted a 373-page certification implicating a complex, regulatory contract involving a long-running multi-million dollar dispute." We agree with plaintiff that such a complicated matter would benefit from discovery, particularly in determining the absence of any "genuine issue as to any material fact challenged." R. 4:46-2(c). Accordingly, we conclude the judge improvidently granted summary judgment in failing to afford plaintiff adequate notice and the benefit of full discovery.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4960-16T4